FILED
2023 Oct-24  PM 12:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITES STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No: 2:23-cr-00154-AMM-GMB** |
| ) | |
| **DE'ANDRE DEWAYNE MOORE** ) | |

## MR. MOORE'S SENTENCING MEMORANDUM

De'Andre Dewayne Moore, through counsel, respectfully submits this memorandum in advance of his October 31, 2023, sentencing hearing. Mr. Moore will be before the Court for sentencing on his guilty plea to one count of possession of a machinegun, in violation of 18 U.S.C. § 922(o)(1). Mr. Moore requests a sentence of 24 months, joining the Government in requesting a sentence at the low-end of the advisory guidelines range. (Doc. 14, p. 4.) He also respectfully requests that his sentence be run concurrently with any yet-to-be-imposed sentences in cases DC 2023-15 through DC 2023-18 now pending in the Bessemer Division of Jefferson County District Court, which are related to the instant offense.

### History and Characteristics of Mr. Moore

Mr. Moore turned 20 years old less than a month before committing this offense. (PSR p. 3, p. 6 ¶¶ 5-10.) He has lived in Bessemer, Alabama, most of his life. He was raised by his mother, and, although his parents never lived together, he has always shared a close relationship with his father, who frequently hosted him for weekend visits during his childhood and remains an important part of his life today. Mr. Moore's mother worked throughout his childhood, first answering phones in the office at the Bessemer City Jail and later for Amazon when its distribution center opened in Bessemer. She has since obtained her CDL while working for Amazon and is now a truck driver. Mr. Moore's maternal grandmother, who lived around the

corner from his childhood home, helped raise him and took care of him and his older brother after school while his mother worked.  (PSR ¶ 39.)

Mr. Moore attended Bessemer City Schools.  His family was active in their church throughout his upbringing, and in high school he was the manager for the basketball team, supplying their water and placing their seats on the bench for basketball games.  (*See* Exhibit A, Letter of Pastor Thomas Thrash.)  Mr. Moore worked at Walmart in Bessemer as a high school summer job.  He completed 11th grade at Bessemer City High School, but he lost direction after the COVID-19 pandemic suspended in-person classes, and he did not return to school for his senior year.  He hopes to earn his GED while serving his sentence at the Bureau of Prisons and to participate in vocational training.  (PSR ¶ 53.)

Mr. Moore has worked sporadically at different jobs since high school, but he has not developed the focus and direction in his life that he hopes to foster through vocational training at the BOP and thereafter.  (PSR ¶¶ 56-58.)  For the last few months, Mr. Moore has been helping his uncle Jessie Moore in his air conditioning installation and repair business, assisting with moving large equipment.  He has also been assisting his father in his work as a mechanic, and he has developed an interest in both automotive mechanic work and HVAC (heating, ventilation, and air conditioning) work.  He hopes to develop skills in one of these areas while serving his sentence and to pursue a career in his learned trade upon his release.

Mr. Moore's loss of direction due to his failure to complete high school left him with idle time and a dearth of goal-oriented motivation for his life.  He spent his time during his impressionable late teens with peers who glamorized weapons as masculine and stylish.  As a 19-year-old, his immaturity and impulsiveness led him to purchase the weapon at issue in the instant

case.  He is remorseful and has learned respect for the risk posed by Glock "switches" that allow automatic fire.

It is well known that the teenage years and early twenties are a formative, impressionable time in a person's life and that people in that age group are biologically predisposed to impulsive behavior due to their still-developing brains.  *Cf. Miller v. Alabama*, 567 U.S. 460, 472, n.5 (2012).  The Sentencing Commission has recognized this concept in defining "youthful offender" as 25 years old or younger, a decision "informed by recent case law and neuroscience research in which there is a growing recognition that people may not gain full reasoning skills and abilities until they reach age 25 on average."[1] The Commission has also observed,

> The contribution that neuroscience has made to the study of youthful offending is significant and continues to evolve. That research has focused on the prefrontal cortex of the brain, which is located at the front of the frontal lobe and is the last part of the brain to fully develop. The prefrontal cortex is utilized in impulse control, emotional reactions, executive function and decision making.[2]

Although Mr. Moore committed this offense, he has many redeeming qualities and shows promise in his young life.  Other than the arrest related to the instant offense, Mr. Moore has never been arrested or charged with a crime, and his criminal history score is zero.  (PSR ¶ 29-31).  He has the support of his family and community to guide him in making better decisions and maintaining a constructive path in life after his release from prison.  (*See* Exhibit A.)  He

---

[1] U.S. Sent'g Comm'n, "Youthful Offenders in the Federal System" at 5, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170525_youthful-offenders.pdf (last viewed on April 9, 2023).

[2] U.S. Sent'g Comm'n, "Youthful Offenders in the Federal System" at 6 (citing Cassandra B. Romine & Cecil R. Reynolds, "A Model of the Development of Frontal Lobe Functioning: Findings From a MetaAnalysis," 12(4) Applied Neuropsychology 190–201 (2005)).

intends to find direction in his life and re-focus himself upon developing a career in automotive mechanic work or HVAC work upon his release from the BOP.

For all of these reasons, Mr. Moore respectfully requests that this Court sentence him to a custodial sentence of 24 months and order that his sentence run concurrently with any yet-to-be-imposed sentences in related cases DC 2023-15 through DC 2023-18 now pending in the Bessemer Division of Jefferson County District Court.  He submits that the requested sentence is "sufficient, but not greater than necessary" to serve the statutorily recognized needs of just punishment, promotion of respect for the law, deterrence, and protection of the public.  18 U.S.C. § 3553(a) (2022).

Respectfully submitted,

Kevin L. Butler
Federal Public Defender

/s/ Katherine P. Bounds
Katherine P. Bounds
Assistant Federal Public Defender
505 20th Street North, Suite 1425
Birmingham, AL  35203
205-208-7170
kate_bounds@fd.org

CERTIFICATE OF SERVICE

I certify that on October 24, 2023, the foregoing was filed with the Clerk of Court and docketed electronically using the Court's CM/ECF system, which will provide notice to counsel of record.

/s/ Katherine P. Bounds
Katherine P. Bounds

4